UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN BRADLEY,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>BRANDEN PRICE,<br><br>　　　　　Respondent. | No.  2:23-cv-00527-DAD-DB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING HABEAS PETITION DUE TO PETITIONER'S FAILURE TO PROSECUTE<br><br>(Doc. No. 4) |

Petitioner Steven Bradley is a civil detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 12, 2023, the assigned magistrate judge issued findings and recommendations recommending that this action be dismissed, without prejudice, due to petitioner's failure to prosecute this action.  (Doc. No. 4.)[1]  The findings and recommendations were served upon petitioner and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  (*Id*. at 2.)  To date, petitioner has not filed any objections and the time in which to do so has passed.

---

[1]  Those findings and recommendations were issued after petitioner's application for federal habeas relief was dismissed with leave to amend and petitioner was directed to file a motion to proceed in forma pauperis or the required filing fee along with an amended petition within sixty days (Doc. No. 3) and failed to respond in any way to that order.

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Having concluded that the pending petition must be dismissed, the court also declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that reasonable jurists would not find the court's determination that the pending petition must be dismissed to be debatable or wrong. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on December 12, 2023 (Doc. No. 4) are adopted in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is dismissed without prejudice;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **January 23, 2024**

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE